IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL JOSEPH KRAJCOVIC | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-554 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Paul Joseph Krajcovic, a prisoner confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Christine A. Nowak, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied on the merits.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

At the outset, the Court notes that petitioner's "objections" are not substantive objections to the findings of the Magistrate Judge but rather reassertions of his original points of error. *See* Petitioner's Krajcovic's Response to Report and Recommendation of United States Magistrate Judge (docket entry no. 22). Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court. *See Nettles v. Wainwright*, 677 F.2d 404, n. 8 (5th Cir. 1982) (overruled on other grounds). The Court, however, has liberally construed the response as objections to the specific finding of the Magistrate Judge that petitioner has failed to establish "fundamental unfairness" or that the lack of instruction had a

"substantial and injurious effect or influence in determining the jury's verdict." After careful consideration, the Court finds the objections lacking in merit.

Petitioner continues to argue in an effort to prove "fundamental unfairness" that when there is "some evidence" of a defensive issue, such an instruction is to be given to the jury. As outlined by the Magistrate Judge, however, the overwhelming evidence presented at trial contradicts the theory of self-defense. The Texas Court of Criminal Appeals found on state habeas review– "[t]here was no evidence to support the defense." *Krajcovic v. State*, PDR No. 1632-11, 393 S.W.3d 282, 283-84 (Tex. Crim. App. 2013). Regardless of whether petitioner had the duty to retreat, the principal question before the jury was whether petitioner acted in self-defense when he shot the victim. In light of the record as a whole, any alleged trial court error in failing to instruct the jury on the Castle Doctrine[1] could not have resulted in a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Furthermore, even if the jury was instructed on the Castle Doctrine, Texas law precludes a finding of self-defense when the force used was not "immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *See* TEX. PENAL CODE 9.31(a). In addition, Texas law precludes a finding of self-defense when the defendant was otherwise engaged in criminal activity when the use of force occurred. *Id*. 9.31(a)(3). Given the evidence presented at trial that petitioner was the aggressor in this case and that he was involved in an illegal drug-related activity at the time of the shooting, Texas law precluded a finding of self-defense even under the Castle Doctrine.

Petitioner has failed to demonstrate any trial court error which denied him fundamental unfairness. Petitioner has also failed to demonstrate the denial of relief on this claim by the Texas

---

[1]Before September 1, 2007, deadly force under Texas Penal Code Section 9.32(a) was justified only "if a reasonable person in the actor's situation would not have retreated." The Castle Doctrine was made effective on September 1, 2007. It relieves a person of the duty to retreat when he is justified in using deadly force against another if (1) he has a right to be present at the location where the deadly force is used, (2) he has not provoked the person against whom the deadly force is used, and (3) he is not engaged in criminal activity at the time that the deadly force is used. *See* TEX. PENAL CODE § 9.32(c).

Court of Criminal Appeals was somehow unreasonable. Accordingly, petitioner's objections are overruled.

The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 7th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE